Good morning, Alan Wittgenstein for the Plaintiff Appellants. I'd like to reserve five minutes of my time for you, so just watch the clock. This case is the challenge to statutes in Nevada that make it illegal to disclose that a complaint against a judge has been made to the Nevada Commission on Judicial Discipline, the defendant. The issue before the Court here isn't the merits of the case, because the district court dismissed it based on the defendant's argument that this is the exact same situation that occurred in Snook. Snook, as you recall, involved a similar rule, except it was a court rule. It was in Nevada State. Well, let's look at the Eleventh Amendment issue first. Isn't that the threshold issue here? Yes, it is. And I think the ---- How can we get around the conclusion that this is suing the State, not individual officers? Well, again, the Commission itself is a ---- An arm of the State. is a commission. That has not been a problem in terms of the Eleventh Amendment, unless you argue that you need to name, I guess, Mr. Zarnowski, who was the chair. Isn't that what Younger and the various Supreme Court cases say? I don't really think so. And, again, we can't sue, for example, the State university and evade Eleventh Amendment problems if you just name the institution, which is an arm of the State. We have sued, for example, the Ethics Commission, and that issue has not come up. Well, why don't we deal with Supreme Court jurisprudence? How do you distinguish will versus the Michigan State Department of Police? I mean, in that case, the Supreme Court said you can't sue the State police because it's an arm of the State. I mean, if that, in fact, is the issue, then the remedy would be to allow the amendment to name the individual rather than the Commission itself. And ---- Well, isn't it a little too late for that? Not at all. There's never been a response of pleading. And if this case were remanded, it would still allow at least one amendment. But you don't deny that, at least in the procedural posture before us today, the action was filed against the judicial commission as opposed to individual ---- It was certainly against the commission. And if that is the issue, then the remedy would simply be remanded for a change of caption. Well, I mean, in the face of, I think, clear Supreme Court authority that so holds, unless you've got an interpretation of the case law that's different than the way I read it ---- I don't think so. I think that's all we can do today, isn't it? Well, I think that dealing with ---- It's on the procedural posture of the case. On the procedural posture, yes. In terms of dealing whether the entity, whether it's named through its commissioner or the commission itself, would still arise. It's still there. Whether the commission or the commissioners have, in fact, anything to do with the enforcement of this particular ---- Well, that would be fine if the commissioners were named, but they weren't. That's the problem we've got. Well, again, if the Court chooses not to deal with the issue that the district court ruled on ---- It's a jurisdictional issue. I mean, we don't have a choice. Either we have jurisdiction or we don't. And if you agree that we don't, then I don't know what more we need to talk about. Okay. Then my suggestion would be to remand it back. Again, we certainly have a right to amend the complaint and, in fact, would have the right to amend and add other defendants also, if that is ---- All right. Well, why don't we do this? Why don't you reserve the remaining part of your time, and we'll hear from the State on terms of this Eleventh Amendment issue, and then we'll see where we go from there. All right. Thank you. Thank you, Mr. Glashenstein. Good morning. Good morning. May it please the Court, Counsel, my name is David Sarnowski. I am the Executive Director and the General Counsel to the Nevada Commission on Judicial Discipline. The Commission is a state agency established through a provision of our state constitution and as supplemented by the statutes enacted by the legislature as authorized by that provision. We agree that the plaintiffs here sued only the Commission and not the named individuals or the Executive Director, and that is in contrast to what happened in the Snook case, which both parties spent a considerable amount of time addressing in the briefs. In that case, the Chairman, all the members of the Commission, and my predecessor twice removed were the named individual defendants. We argued below that the Commission had Eleventh Amendment immunity in the context that you've addressed in your questions, that is, that only the Commission was sued. It was the plaintiff's argument that because they were only seeking prospective as opposed to retrospective relief, that the Commission could be sued. I agree that with counsel's statement that a remand would be appropriate because we haven't entered a response of pleading, rather the case was disposed of by way of a motion to dismiss pursuant to Rule 12b. However, I don't know that that will get us any farther along down in the trial court for the simple reason the trial court said the Commission was the wrong entity to sue because it had no enforcement authority. Did the plaintiffs have an opportunity to amend? I think they always had an opportunity to amend. Before the filing of an answer, they didn't do that. Did he tell them, amend and you'll be all right? No. He did not issue any type of warning or restrictive order that put them on notice that he felt that that was a problem. Did you ever raise the question of standing in this case? Yes, we did. That was an alternative argument that we made to Judge Proe, who, as it turned out, was the judge who heard the Snett case in the district court as well back in the late 1990s. The judge, for whatever reason he had, chose only to base his dispositional order on the other argument that is before you and not on the standing issue. Ordinarily, we look at standing first to see who's here and what are you doing here, and then we inquire, well, what are you complaining about? In this case, the judge eliminated the issue, and nothing probably turns on it here. But do you concede that they do have constitutional standing? No, we do not. And we have briefed that issue as a basis for this Court to go back to it. If it goes back, there will still be a question about that. That's true. And I think it would be appropriate, in all deference to both the court below and to the plaintiffs, if the Court is so inclined to give that court or make that court address that issue so that all those procedural And the Supreme Court has told us that that's the more orderly procedure. And I agree with that as well. So your recommendation to us is that we dismiss for lack of jurisdiction based on 11th Amendment immunity as the case is presently framed, but remand to the district court for such further proceedings as may be necessary. Depending on what plaintiffs do after the dismissal. That would be correct. And I would suggest that that directive could or perhaps should include a directive to sue all those defendants or prospect possible. Plaintiff out of a week's notice to give legal advice. I don't think you can afford our hourly rates. I understand that, Judge. Okay. The problem here is a remand, unless they sue the right entity, at least what Judge Proe believed to be the right entity to be the defendant in this case, is simply not going to get us any further along. And I'll just leave it at that in our brief argument. I must say I'm a little surprised that you haven't even thought of a way in which this appeal could be affirmed outright. Well, Your Honor, we briefed the issue, and I think it's clear that the judge was correct in how he disposed of the case. However, he didn't dispose of it on the Eleventh Amendment ground that you now identify. The mere fact that even you, this Court, would dismiss it outright because only the State agency is named certainly wouldn't eliminate the possibility that these plaintiffs could go back and refile another case naming the prospect possible as a proper defendant. Well, would that be the more appropriate procedural approach at this point, simply affirm this case and let plaintiffs start over? Yes, I do believe that would be. The filing fee wouldn't make any difference. That's all. I agree with that. It would be out the filing fee, and they could start again with a proper defendant. I agree with that, Your Honor. I don't have any other statements unless you have any questions. Okay. Mr. Lichtenstein, you see the quandary we're in. Any further advice? Yes. The idea of affirming the lower court's decision deals with the issue of not just whether the commission versus naming the commissioners, but whether that entire entity and the people who make it up are, in fact, the proper defendants, or whether, as argued by Mr. Zarnowski and by the lower court, it is only the Nevada courts that can be sued. So by affirming that decision, you're essentially dealing with that particular issue, not just the caption issue. And if that's the case, then we're in a different situation than if it's simply remanded back for further proceedings based on a change in the caption in terms of naming the individuals, and then whatever standing issue would come up, would be dealt with at that time. Probably would have to dismiss the appeal for lack of jurisdiction, period. And then the question is whether we should just leave it at that or whether somehow we are compelled at this point to order a remand with leave to amend the complaint. That seems to be kind of a special request that's being made here. Well, I think it would certainly serve the purposes of judicial economy to have the case, have it already briefed, have the record there, and not have to start at square one. I think that it would move things along in that particular regard without prejudicing anybody. Mr. Lichtenstein, does that become an advisory opinion? We occasionally, as judges, when we're talking about the dispositions on cases where we don't have jurisdiction and we're sitting in the conference room kicking this around, we'll ask one another whether it's proper in a case where we've done have jurisdiction to say anything more because of the fact that if we don't have power to resolve the case before us, then whatever we say is purely advisory since it is not binding on the parties or the court below. Well, I'm not sure the order to remand with leave to amend. It gives much in the way of advice. Well, but we don't have the power to remand if we don't have jurisdiction. The only thing and I mean, this is pretty basic Federal jurisdiction stuff, but my understanding of jurisdiction is that if we are without power to decide the case under the Constitution, I guess it would be the Cases and Controversies Clause, all a court can do is to declare that it is without jurisdiction and dismiss the matter pending before it. Beyond that, it can do no more. It has no power to issue any substantive rulings that are binding. It can't require the parties or the courts below to do anything more. It simply says we can't do this and we're done with it. Well, again, my understanding of jurisdictional law is with an initial complaint, if there is a jurisdictional problem in terms of how the case is framed, there is the leave to amend that is, you know, within the Federal rules. So I don't see anything different here. After the dismissal by the district court, did you file a motion for reconsideration or seek leave to amend in light of the holding of the court? The Court spotted the jurisdictional issue and decided the case on that basis, did it not? No, I don't think it did. I think it basically said that the jurisdictional issue that it saw was that the commission had nothing to do and the commissioners had nothing to do with it. It was only the Supreme Court. This was exactly the same case as Snook. I mean, it pretty much said that. This is Snook, you know, once again. And so that was the basis for which the court, the district court dismissed the case, and that was what was appealed. So it made that particular determination. It was a jurisdictional one, but it wasn't about whether the individuals were named versus the commission. It never addressed that issue. In fact, that really didn't come up until today. But that particular basis, you know, we're prepared to argue it and would like to. Obviously, you say we can't because of the jurisdictional issue about the commission. Well, you're welcome to make the argument. The problem that I'm wrestling with is, you know, what relief that we can give you because anything — it seems to me that if we're right and we don't have jurisdiction for the reasons we've articulated, then anything that we say is purely advisory. That is correct. Now, it may be helpful to the parties to give the district court some guidance. And under that, I have no problem. I think that, again, had the district court made that determination, we would have said we'll have a right to amend, we'll amend it, fix that particular problem, and then go on. I don't think this court has any less jurisdiction to do that through the remand than the district would have — district court would have on its own. So the question would be, you know, really, what would make the most sense and serve the interests of judicial economy? And clearly, having the case continue and fix the problem, have the district court look back here again, would certainly serve that much more than starting all over again with a new judge, a new case, and the like. I think we understand your argument, Mr. Lichtenstein. Okay. Thank you very much. We'll try to sort this out. Okay. Thank you. You know. Thank you. The case just argued will be submitted for decision.
judges: Goodwin, O'scannlain, Tallman